## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY GRAY, #N-74628, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 15-cv-00421-JPG |
| | ) |
| OFFICER HAMILTON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Terry Gray, an inmate who is currently incarcerated at Graham Correctional Center ("Graham"), brings this *pro se* action pursuant to 42 U.S.C. § 1983 (Doc. 1) for violations of his Eighth Amendment rights at Pinckneyville Correctional Center ("Pinckneyville"). Plaintiff claims that Officer Hamilton, a Pinckneyville official, responded to his repeated requests for hot water in his cell with excessive force (Doc. 1, p. 6). As a result, Plaintiff sustained a shoulder injury that required surgery and now interferes with his dialysis shunt. Plaintiff seeks monetary relief (Doc. 1, p. 7).

This case is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). After carefully considering the allegations, the Court finds that Plaintiff's complaint survives preliminary review under this standard.

### The Complaint

While Plaintiff was housed in Cell 68 at Pinckneyville in October 2011, the hot water in his cell stopped working.  He informed Officer Hamilton about the problem and explained that his multiple requests to restore access to it had been ignored.  As Plaintiff spoke, he stuck his arm out of the cell's chuckhole in a nonthreatening manner.

In response, Officer Hamilton grabbed Plaintiff's arm with both hands.  He put his foot against the door and "pulled and twisted [Plaintiff's] arm," until he tore the tissue in Plaintiff's shoulder.  Plaintiff screamed in pain.  Hearing him, several other inmates yelled at Officer Hamilton until he let go.  Plaintiff was unable to use his arm for "quite some time" (Doc. 1, p. 6).

After Plaintiff transferred to Graham, he received an ultrasound on his arm as part of his dialysis treatment.  During the procedure, the medical technician observed the injury to Plaintiff's shoulder and told him that it was "messed up" for reasons unrelated to the dialysis.  Plaintiff's doctor agreed that the injury was serious and required surgical repair.  Plaintiff underwent surgery in September of 2013 and now claims that the injury complicates his dialysis treatments.  Plaintiff sues Officer Hamilton for monetary damages (Doc. 1, p. 7).

### Discussion

The complaint invokes no constitutional or statutory basis for relief.  The Court will therefore divide the complaint into three claims for purposes of this discussion.  All three claims arise under the Eighth Amendment, as follows:

> **Count 1:     Defendant Hamilton subjected Plaintiff to unconstitutional conditions of confinement by denying him access to hot water in his cell in October 2011, in violation of the Eighth Amendment;**

**Count 2:**   Defendant Hamilton responded to Plaintiff's request for hot water with excessive force, in violation of the Eighth Amendment; and

**Count 3:**   Defendant Hamilton exhibited deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these claims should not be construed as an opinion regarding their merit.

As discussed in more detail below, Plaintiff shall be allowed to proceed with Counts 2 and 3. However, Count 1 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Count 1 – Conditions of Confinement**

Plaintiff's claim that Cell 68 lacked hot water arises under the Eighth Amendment, which prohibits cruel and unusual punishment and is applicable to the states through the Fourteenth Amendment. *Gillis v. Litscher*, 468 F.3d 488, 491 (7th Cir. 2006) (citing *Robinson v. California*, 370 U.S. 660, 666 (1962)). The Eighth Amendment has provided a means of improving prison conditions that were constitutionally unacceptable. *See, e.g., Robinson*, 370 U.S. at 666; *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994). Jail officials violate the Eighth Amendment when they show deliberate indifference to adverse conditions that deny "the minimal civilized measure of life's necessities," including "adequate sanitation and personal hygiene items." *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted)); *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012).

In order to prevail on a claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *See McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Farmer*, 511 U.S. at 837; *Wilson v. Seiter*, 501 U.S. 294, 302 (1991). The objective analysis turns on whether the conditions "exceeded contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994). The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). Even if certain conditions are not individually serious enough to work constitutional violations, the Seventh Circuit has observed that "conditions of confinement may violate the Constitution in combination when they have a 'mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" *Budd*, 711 F.3d at 842 (quoting *Wilson,* 501 U.S. at 304). *See also Gillis*, 468 F.3d at 493; *Murphy v. Walker*, 51 F.3d 714, 721 (7th Cir. 1995).

A claim for unconstitutional conditions of confinement must also satisfy a subjective standard. To do so, the complaint must suggest that a particular prison official had a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298. The relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer*, 511 U.S. 837; *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Del Raine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).

Plaintiff complains about a single condition—his lack of access to hot water in Cell 68. An exhibit filed with the complaint indicates that Plaintiff was housed in this cell from October 7-8, 2011 (Doc. 1, p. 8). Therefore, the deprivation lasted for approximately 24-48 hours. To be

clear, Plaintiff does not claim that he was deprived of all water access, or that his access to water was limited in any way.  He also does not complain of negative health consequences associated with this alleged deprivation.

The Court finds that this single short-term deprivation fails to support a claim for unconstitutional conditions of confinement.  The situations in which a lack of water might support an Eighth Amendment claim include the absolute deprivation of water, deprivations of longer duration, or the deprivation of water in combination with other deplorable conditions. *See, e.g., Vinning-El v. Long*, 482 F.3d 923, 924-25 (reversing summary judgment where prisoner was held for six days without sanitation items in cell contaminated with human waste and in which sink and toilet did not work).  *See also Johnson v. Pelker*, 891 F.2d 136, 139-40 (7th Cir. 1989) (reversing summary judgment where prisoner denied cleaning supplies and confined for three days to cell that was smeared with human waste and lacked running water)). The complaint does not present such circumstances.  Accordingly, **Count 1** shall be dismissed without prejudice for failure to state any claim upon which relief may be granted.

**Count 2 – Excessive Force**

The complaint supports an Eighth Amendment claim against Defendant Hamilton for the unauthorized use of excessive force.  The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983.  *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).  To state an excessive force claim, an inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'"  *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)).

The allegations in the complaint suggest that Defendant Hamilton used excessive force against Plaintiff in October 2011 and caused injuries that have had lingering effects on Plaintiff's health. Accordingly, Plaintiff shall be allowed to proceed with **Count 2** at this time.

**Count 3 – Deliberate Indifference to Medical Needs**

The Court will also allow Plaintiff to proceed with an Eighth Amendment deliberate indifference to medical needs claim against Defendant Hamilton. Relevant to Plaintiff's claim, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle*, 429 U.S. at 104; *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state a claim, "[t]he plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard." *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

A serious medical need is one that is obvious to a lay person or one that has been diagnosed by a physician as requiring treatment. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). According to the allegations, Plaintiff's shoulder injury was diagnosed by a physician as requiring surgery. The complaint suggests that Plaintiff had a serious medical need.

To establish deliberate indifference, Plaintiff "must demonstrate that prison officials acted with a "'sufficiently culpable state of mind.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson*, 501 U.S. at 297). Officials must "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer*, 511 U.S. at 834). Plaintiff is not required to establish

that the officials "intended or desired the harm that transpired," but to instead show that they "knew of a substantial risk of harm . . . and disregarded it." *Greeno*, 414 F.3d at 653.

The allegations suggest that Defendant Hamilton knew that he injured Plaintiff. Even after Plaintiff screamed in agony, he continued to pull and twist Plaintiff's arm until he could no longer use it (Doc. 1, p. 6). Whether Plaintiff's need for immediate medical treatment was obvious or not is unclear. But the allegations suggest that Defendant Hamilton caused the injury and therefore had an obligation to help Plaintiff secure adequate medical treatment. He did not. At this early stage, the Court finds that the complaint supports an Eighth Amendment deliberate indifference to medical needs claim against Defendant Hamilton. **Count 3** survives preliminary review.

In summary, **Counts 2** and **3** shall receive further review, and **Count 1** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Pending Motion

Plaintiff's motion to appoint counsel (Doc. 3) shall be referred to a United States Magistrate Judge for further consideration.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that as to **COUNTS 2** and **3,** the Clerk of Court shall prepare for Defendant **HAMILTON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return

the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, including a decision on the motion to appoint counsel (Doc. 3).

Further, this entire matter is hereby **REFERRED** to a **United States Magistrate Judge** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 12, 2015**

> *s/J. Phil Gilbert*
> **U.S. District Judge**