# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY GRAY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 15-421-SMY-RJD |
| OFFICER AKEEM HAMILTON, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Terry Gray, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit on April 15, 2015 pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). Specifically, Gray alleges that Defendant Hamilton injured his shoulder in October 2011 (Doc. 1). He proceeds on two Counts: (1) Hamilton responded with excessive force in violation of the Eighth Amendment; and (2) Hamilton exhibited deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment (Doc. 10).

This matter is currently before the Court on Defendant's Motion for Summary Judgment (Doc. 42). Plaintiff filed a Response (Doc. 64). For the following reasons, Defendant's motion is **GRANTED** as to both Counts.

## Factual Background

Plaintiff Terry Gray was an inmate at Pinckneyville in October 2011 (Plaintiff's Deposition, Doc. 43-3 at 22). On an unspecified date during that month, Gray tried to get the attention of staff to address conditions in his cell, particularly with respect to his mattress and

water temperature (*Id*. at 15-16). He tied a sheet to the chuckhole from the bed to prevent the chuckhole from being shut (*Id*. at 17).

Gray alleges that Hamilton pulled his left arm through the chuckhole and repeatedly jerked, pulled, and twisted it (*Id*.). He further claims that Hamilton asked another officer if he should break it (*Id.* at 63). Hamilton held on to Grey's arm until a lieutenant came and cuffed him (*Id.* at 68). After the lieutenant cuffed Gray, Hamilton left and went downstairs (*Id*. at 75). The lieutenant escorted Gray to the shower and then to the healthcare unit (*Id*. at 77). The medical staff examined Gray's arm but provided no treatment (*Id*. at 83-85). Gray did not see any bruises or cuts on his arm (*Id.* at 83-84).

On October 25, 2011, Gray filed a grievance regarding the conditions of his cell and the incident with Hamilton grabbing and twisting his arm (Doc. 43-2 at 5-6). The Counselor responded to the grievance on November 14, 2011, stating that Gray's claims could not be substantiated (*Id*.). The Grievance Officer's Report was filed on May 1, 2012, recommending denial of the grievance because he was unable to substantiate the claims (*Id.* at 4). The Administrative Review Board ("ARB") sent a letter dated January 7, 2013, stating that due to conflicting information provided by Gray, they could not adequately review the issue and recommended the grievance be denied (*Id*. at 3). The letter was signed by IDOC Director, S. A. Godinez, on January 10, 2013 (*Id*.).[1]

Gray was transferred from Pinckneyville to Graham Correctional Center ("Graham") in January 2013. He underwent surgery on his shoulder in September 2013 (Plaintiff's Complaint, Doc. 1 at 6).

---

[1] Gray attached a copy of the ARB letter to his Complaint with a handwritten date at the bottom of February 20, 2013 (Doc. 1 at 8). He does not dispute that the handwritten date of February 20, 2013 was likely the date he received the ARB letter (Doc. 64 at 8).

## Discussion

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In determining a summary judgment motion, the district Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

Defendant asserts that he is entitled to summary judgment because Plaintiff's claims are barred by the statute of limitations and Plaintiff has presented no evidence to support the claim for deliberate indifference. Plaintiff concedes that there is insufficient evidence with respect to his deliberate indifference claim, but argues that his excessive force claim should be allowed to proceed.

Section 1983 does not contain an express statute of limitations, so federal courts adopt the forum state's statute of limitations for personal injury claims. *Wilson v. Garcia*, 471 U.S. 261, 276, (1985); *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir.1998). In Illinois, the limitations period for § 1983 cases is two years. *Kalimara v. Illinois Dep't of Corrections*, 879 F.2d 276, 277 (7th Cir.1989). However, the statute of limitations is tolled while a prisoner

exhausts administrative remedies, as is required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). *Johnson v. Rivera,* 272 F.3d 519, 521 (7th Cir. 2001).

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. Ill. Admin. Code tit. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id*. § 504.810(b). The grievance officer is required to advise the CAO at the facility in writing of the findings on the grievance. *Id*. § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id*. § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the ARB for a final decision. *Id*. § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate's administrative remedies are not exhausted until the appeal is ruled on by the ARB. *See Id*. The ARB shall make a final determination of the grievance within six months after receipt of the appealed grievance, where reasonably feasible under the circumstances. *Id*. § 504.850(f).

In this case, the two year statute of limitations began to run when Gray exhausted his administrative remedies with the ARB. Gray contends that there is a dispute as to when that exhaustion occurred – when the letter was sent by the ARB (January 10, 2013), or when he received the letter (February 20, 2013). But the dispute is inconsequential. Even if the Court were to consider February 20, 2013 as the starting date for the limitations period, the statute of limitations expired two years later in the ordinary course; on February 20, 2015. Gray's Complaint was not filed until April 15, 2015.

Gray argues that equitable tolling should apply to excuse the filing of his Complaint two months after the limitations period had run. Equitable tolling is available when a plaintiff shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

stood in his way and prevented timely filing." *Gray v. Zatecky*, 865 F.3d 909, 912 (7th Cir. 2017), quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010). The court must evaluate the circumstances holistically, considering "the entire hand that the petitioner was dealt" rather than taking each fact in isolation. *Socha v. Boughton*, 763 F.3d 674, 686 (7th Cir. 2014). Equitable tolling is "rare" but it does not "exist[ ] in name only." *Id.* at 684. It is instead a "highly fact-dependent area in which courts are expected to employ flexible standards on a case-by-case basis." *Id.*

Gray asserts that equitable tolling should be applied because he was an indigent prisoner with an 11th grade education, lacking any legal training, and acting pro se. He also states that he was coping with multiple medical issues including undergoing dialysis for kidney failure, Hepatitis C, and other chronic conditions for which he takes medications.

Gray's allegations do not constitute extraordinary circumstances that prevented timely filing. Tolling the statute of limitations because the plaintiff is an indigent prisoner lacking legal training would essentially abolish the limitations period in § 1983 cases. Gray has a GED and was able to appropriately articulate his complaints through the entire administrative grievance process. Neither his limited education nor medical issues prevented him from filing a grievance and properly appealing the denial of the grievance all the way to the ARB. Likewise, those limitations and issues did not prevent him from filing a timely Complaint in this case. Therefore, Plaintiff's Complaint filed on April 15, 2015 is barred by the two-year statute of limitations.

## Conclusion

Defendant's Motion for Summary Judgment filed by Defendant (Doc. 42) is **GRANTED**. Plaintiff Terry Gray's claims are **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close the case.

**IT IS SO ORDERED.**

**DATED: February 8, 2018**

                                              **s/ Staci M. Yandle**
                                              **STACI M. YANDLE**
                                              **United States District Judge**